28842-JPB/BMM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ASHLEY LINBACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 20-cv-395 |
| | ) |
| WAL-MART STORES, INC., | ) |
| WAL-MART REAL ESTATE | ) |
| BUSINESS TRUST, AND | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

The Defendants, WAL-MART STORES EAST, LP and WAL-MART REAL ESTATE BUSINESS TRUST, by and through their attorneys, James P. Balog and Brian M. Martinez of O'Hagan Meyer, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Northern District of Indiana, and in support thereof, states as follows:

1. The movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. The named Plaintiff is currently and was at the time of the subject accident a citizen and resident of the State of Indiana. (*See* Plaintiff's Answers to Defendants' Request for Admissions of Fact attached as Exhibit A, ¶ 1).

3. Wal-Mart Stores East, LP is a foreign limited partnership which is, and was at the time the above captioned case was filed in State Court, a "citizen" of Arkansas and Delaware. Citizenship of a limited partnership for purposes of diversity jurisdiction is the citizenship of its partners, general

and limited.  *Guar. Nat. Title Co. v. J.E.G. Associates*, 101 F.3d 57 (7th Cir. 1996).  WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP.  These are the only partners of Wal-Mart Stores East, LP.

4.  WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies.  Citizenship of a limited liability company (LLC) for purposes of diversity jurisdiction is the citizenship of its members.  *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998).  The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company.  The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Walmart, Inc., formerly known as Wal-Mart Stores, Inc.

5.  Walmart Inc., formerly known as Wal-Mart Stores, Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware.  The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Walmart Inc., formerly known as Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.  (*See* Arkansas Secretary of State Business Information Search, attached as Exhibit B).

6.  Wal-Mart Real Estate Business Trust, is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware.  The principal place of business for Wal-Mart Real Estate Business Trust is, and was at the time of filing the Complaint, Bentonville, Arkansas.  (*See* Arkansas Secretary of State Business Information Search, attached as Exhibit C).

7.  As Plaintiff is an Indiana citizen and the above Wal-Mart entities are incorporated in Delaware with their principal place of businesses in Arkansas, and are citizens of Delaware and Arkansas, complete diversity exists pursuant to 28 U.S.C. § 1332, 1441 and 1446.

8. This matter arises out of an accident, which occurred on September 16, 2018 at the Wal-Mart located at 905 S. College Avenue, Rensselaer, Indiana. The Plaintiff, ASHLEY LINBACK, filed a Complaint in the Jasper County Court styled *Ashley Linback v. Wal-Mart Stores, Inc., et al.*, bearing Jasper County Court, Indiana, Case No. 37C01-2009-CT-000668. (*See* Plaintiff's Complaint at Law attached as Exhibit D).

9. Wal-Mart Stores East, LP and Wal-Mart Real Estate Business Trust (hereinafter "Wal-Mart") first received Plaintiff's Complaint when it was served with process on September 10, 2020. (*See* Service of Process Transmittal, attached hereto and incorporated herein as Exhibit E). In response to the Complaint, Wal-Mart filed its Appearance, Jury Demand, and Request for Admission of Facts to Plaintiff on October 1, 2020. (*See* Wal-Mart's Appearance, Jury Demand, and Request for Admission of Facts, attached hereto and incorporated herein as Exhibit F).

10. The Request for Admission of Facts seeks Plaintiff admit that she is, and was at the time of the incident, a citizen of Indiana and that the amount in controversy exceeds $75,000. (Exhibit F). Plaintiff Responded to said Requests on October 6, 2020, admitting that Plaintiff is, and was at the time of the incident, a citizen of Indiana and that the amount in controversy exceeds $75,000. (Exhibit A).

11. Where a case is not removable by review of the initial pleadings, Wal-Mart has a statutory right to file its Notice of Removal "thirty days after receipt…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As established in this Notice, Wal-Mart has properly filed its Notice of Removal within the applicable thirty-day time frame, as until Plaintiff responded to the Requests for Admission of Fact, Wal-Mart had no notice that this case exceeded the jurisdictional amount necessary to trigger removal.

12. With the first notice that the amount in controversy exceeded $75,000 occurring on or about October 6, 2020, this Notice was filed within thirty (30) days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

13. As required by 28 U.S.C. § 1446(d), the movant will promptly serve upon Plaintiff's counsel, and file with the Jasper County Court, a true and correct copy of this Notice.

14. By removing this action, Defendants do not waive any defenses available to them.

15. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

16. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, WAL-MART STORES EAST, LP and WAL-MART REAL ESTATE BUSINESS TRUST, prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

Dated: November 3, 2020

                                         Respectfully submitted,
                                         O'HAGAN MEYER LLC

By: /s/ Brian M. Martinez
       One of the Attorneys for Defendants,
       Wal-Mart Stores East, LP and Wal-Mart Real Estate
       Business Trust

James P. Balog, Esq.
Brian M. Martinez, Esq.
O'Hagan Meyer LLC
One East Wacker Drive, Suite 3400

4

Chicago, IL 60601
Tel: 312-422-6100 / Fax: 312-422-6110
jbalog@ohaganmeyer.com
bmartinez@ohaganmeyer.com